**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | CIVIL ACTION NO. 1:08-cv-00893-HHK |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BALLARD & ASSOCIATES, INC. f/k/a Ballard & Associates, II, Inc. | ) ) ) | |
| and | ) ) | |
| JOHN W. WIMMER, an individual d/b/a Ballard & Associates, Inc. | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO REVIVE JUDGMENT**

Plaintiff, through undersigned counsel, present this memorandum in support of its Motion to Revive Judgment.

**FACTS**

On April 12, 2010, default judgment in the amount of $65,246.38 was entered in this action against the Defendants, Ballard & Associates, Inc., f/k/a Ballard & Associates, II, Inc., and John W. Wimmer, d/b/a Ballard & Associates, Inc., and in favor of Plaintiff.

The outstanding balance of the judgment is $65,246.38.  The Judgment debtors also owe accrued interest of $3,374.97 from April 12, 2010 through January 12, 2022.  Thus, the total debt is now $68,621.35.

The lien arising from the Judgment against Defendants is set to expire on April 12, 2022, pursuant to D.C. Code § 15-101 (2001).  Pursuant to D.C. Code § 15-103, Plaintiff seeks to extend the effect and operation of the judgment and all the remedies for its enforcement for the

period of twelve years from the date of the order.

## ARGUMENT

### I. DISTRICT OF COLUMBIA LAW GOVERNS POST-JUDGMENT EXECUTION AND REVIVAL PROCEEDINGS

Federal Rule of Civil Procedure 69(a)(1) provides, in part, that

> …[t]he procedure on execution ‑ and in proceedings supplementary to and in aid of judgment, and in proceedings supplementary to and in aid of judgment or execution ‑ accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Thus, where, as here, there is no controlling federal statute, a United States District Court has the same authority to aid judgment creditors in supplementary proceedings as do the state courts of the state in which the district court sits. *H.H. Robertson Co., Couples Products Div. v. V.S. DiCarlo General Contractors, Inc.,* 789 F. Supp. 998, 999 (E.D. Mo. 1992*), aff'd*, 994 F.2d 476 (8th Cir. 1993). "Whenever the Federal Rules provide that the laws of the state in which the district court is held are made applicable, the law of the District of Columbia governs proceedings in the United States District Court for the District of Columbia." *U.S. v. Thornton,* 672 F.2d 101, 103 (D.C. Cir. 1982); Fed. R. Civ. Pro. 81(d)(2).

### II. UNDER DISTRICT OF COLUMBIA LAW, PLAINTIFFS MAY REVIVE THE JUDGMENT IN THIS ACTION

Under the law of the District of Columbia, applicable to this case pursuant to Federal Rule of Civil Procedure 69(a), this Honorable Court may enter an order reviving Plaintiff's judgment against Defendants. D.C. Code § 15-101(a) provides:

> …every final judgment or final decree for the payment of money rendered in the …United States District Court for the District of Columbia … is enforceable, by execution issued thereon, for the period of twelve years only from the date when an execution might first be issued thereon, or from the date of the last order of revival thereof. The time during which the judgment creditor is stayed from

enforcing the judgment, by written agreement filed in the case, or other order, or by the operation of an appeal, may not be computed as a part of the period within which the judgment is enforceable by execution.

The proper method for obtaining an order for revival of judgment is through a motion.  *Michael v. Smith*, 221 F.2d 59, 61 (D.C. Cir. 1955).  Under D.C. Code § 15-103, if an order of revival is issued upon a judgment during the period of twelve years from the rendition or from the date of an order reviving the judgment, the effect and operation of the judgment, with the lien thereby created and all the remedies for its enforcement, is extended for the period of twelve years from the date of the order.  D.C. Code § 15-103.

Since the judgment in this action was entered on April 12, 2010, the relevant twelve year enforcement period has not expired.  Therefore, the Court should enter an Order reviving the judgment and extending the effect and operation of the judgment for an additional twelve years.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that that the Court grant its motion to revive the judgment against Defendants.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

/s/ Judith Sznyter
JUDITH SZNYTER
Bar No. 982325
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0641
Date: January 13, 2022          Attorneys for Plaintiff